IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JENNIE O. SCHOBEY,**

      **Plaintiff,**

v.                                                  CIV 05-0744 LAM

**JO ANNE B. BARNHART,**
**Commissioner of the**
**Social Security Administration,**

      **Defendant.**

# MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT *(DOC. 6)*

**THIS MATTER** is before the Court on *Defendant's Motion and Memorandum in Support of Motion to Dismiss Plaintiff's Complaint (Doc. 6)* (hereinafter "Motion to Dismiss") filed on September 21, 2005. On October 7, 2005, Plaintiff filed *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 7)* (hereinafter "Response"). On October 17, 2005, Defendant filed *Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 8)* (hereinafter "Reply"). Having reviewed the pleadings and relevant law, the Court **FINDS** Defendant's motion is not well-taken and should be **DENIED**.

## BACKGROUND

Plaintiff filed an application for Supplemental Security Income (SSI) on April 4, 1997 (hereinafter, "1997 application"). *(Doc.1, Complaint at 1.)* The application was denied at the initial level on November 7, 1997 *(Response, Exhibit A)* and the denial was not appealed *(Doc.1, Complaint*

*at 1).* Plaintiff was not represented by an attorney during the 1997 application process. *(Response at 2.)* On March 30, 1999, Plaintiff filed a second application for SSI benefits (hereinafter, "1999 application") and alleged a new disability with an onset date of February 12, 1999.[1] The second SSI application was initially denied on July 16, 1999. *(Motion to Dismiss, Exhibit A-2.)*

On December 14, 1999, with the help of legal counsel, Plaintiff requested an extension of time to file a request for reconsideration of the 1999 application. *(Response, Exhibit B.)* Plaintiff also requested the reopening of her 1997 application based on good cause.[2] *Id.* The 1999 application was denied on reconsideration and a request for a hearing was timely filed. *(Motion to Dismiss, Exhibit A-4 at the fifth page).* A senior administration attorney determined there was sufficient evidence on the record to establish disability, so an oral hearing was not held. *Id.* On October 27, 2000, a fully favorable decision was issued with respect to the 1999 application. *(Motion to Dismiss, Exhibit A-4).*

On December 29, 2000, Plaintiff's counsel again requested that the Appeals Council reopen Plaintiff's 1997 application based on good cause. *(Motion to Dismiss, Exhibit A-5).* On December 15, 2004, the Appeals Council denied Plaintiff's request to reopen the initial determination of the 1997 application, finding "no reason under our rules to reopen and change the determination." *(Motion to Dismiss, Exhibit A-6 at first page.)* On January 7, 2005, Plaintiff again requested that the 1997 application be reopened and argued that there was a *de facto* reopening of the 1997 application during the reconsideration of the 1999 application. *(Motion to Dismiss, Exhibit A-7).*

---

[1] Plaintiff's 1999 application was based on a new disability (cerebral aneurysm requiring a craniotomy) and was unrelated to the claims asserted in the 1997 application. *(Motion to Dismiss, Exhibit A-2 and Exhibit A-4 at the fifth page.).*

[2] Plaintiff's request to reopen the 1997 application for good cause was supported by an attached declaration stating that she had not filed for reconsideration earlier because she was not represented by an attorney, had problems with anxiety and depression, and when "anxious and depressed I shot [sic] down and am not able to act in my own best interest." *(Response, Exhibit B at the second page.)*

On May 18, 2005, the Appeals Council denied Plaintiff's request, stating there was no reason to reopen, the time limit for reopening the decision had expired, and that the reconsideration of the 1999 application did not constitute a *de facto* reopening of the 1997 application. *(Motion to Dismiss, Exhibit A-8)*. The Appeals Council denial also stated that "[u]nder our rules, you do not have the right to court review of our denial of your request for reopening." *Id. at the second page*.

On July 7, 2005, Plaintiff filed a complaint in United States District Court for the District of New Mexico, asking the Court to set aside the Commissioner's decision and remand to determine if: (1) Plaintiff's mental illness and *pro se* status, at the time of the denial of the 1997 application, require reopening of the 1997 claim; and (2) if Plaintiff is entitled to benefits based on her medical condition at the time of the 1997 application. *(Doc. 1, Complaint at 2.)* Plaintiff raises both a constitutional claim of violation of due process (her mental illness and *pro se* status prevented her from pursuing the 1997 claim and the Commissioner failed to consider those conditions prior to denying her request to reopen) and a claim that the Commissioner committed a *de facto* reopening of the 1997 claim while reconsidering the 1999 application. *(Doc. 1, Complaint.)*

On September 21, 2005, Defendant filed a motion to dismiss Plaintiff's complaint "pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6) because Plaintiff does not have an initial determination which is subject to judicial review." *(Motion to Dismiss at 1.)* Defendant argues that Plaintiff failed to request that the 1997 claim be reopened within the time limits prescribed by agency regulations and that the Commissioner's decision to not reopen an adjudicated claim is discretionary and not subject to judicial review. *(Motion to Dismiss at 4-5.)* Defendant also argues that Plaintiff's allegation that the 1997 application was reopened *de facto* during reconsideration of the 1999 application has no merit because the 1999 claim was based on a new disability and there is no evidence that the merits

3

of the 1997 claim were re-examined at that time. *Id. at 7-8*.

## JURISDICTION

A federal court has an independent obligation to examine its own jurisdiction. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001) (citing *Skrzypczak v. Kauger*, 92 F.3d 1050, 1052 (10th Cir. 1996)). Defendant argues that this Court lacks jurisdiction to review the Commissioner's decision in this case because "the Commissioner's regulations provide that a denial of a request to reopen a determination or a decision is an administrative action which is not subject to the administrative review process nor is it subject to judicial review." *(Motion to Dismiss at 4.)* "When the Social Security Administration *refuses* to reopen a claim for benefits, that decision is unreviewable." *Taylor for Peck v. Heckler*, 738 F.2d 1112, 1115 n. 6 (10th Cir. 1984) (citing *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980 (1977) and *White v. Schweiker*, 725 F.2d 91, 93 (10th Cir. 1984)). The Commissioner's "decision not to reopen a previously adjudicated claim for benefits is discretionary and, therefore, is not a final decision reviewable under 42 U.S.C. § 405(g)." *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990) (citing *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985) *cert. denied* 475 U.S. 1025, 106 S.Ct. 1222, 89 L.Ed. 2.d 332 (1986). In *Califano*, the Supreme Court stated that

> [A]n interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in s 205(g) [42 U.S.C. § 405(g)], to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 C.F.R. s 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

*Califano v. Sanders*, 430 U.S. at 108.

However, *Califano* also recognizes that there may be federal judicial review when the Commissioner's denial of a petition to reopen is itself challenged on constitutional grounds. *Califano*

*v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980 (1977). In *Califano*, the Supreme Court stated that, in the "rare instances where the [Commissioner's] denial of a petition to reopen is challenged on constitutional grounds," "the availability of judicial review is presumed." *Id.* The Second Circuit has also held that federal courts may review the Commissioner's decision to not reopen an application if the case has been "constructively reopened . . . [or] where the claimant has been denied due process." *Byam v. Barnhart*, 336 F.3d 172, 180 (2nd Cir. 2003); *see also Finan v. Barnhart*, 327 F. Supp. 2d 1303, 1305 (D. Kansas, 2004) ("Ordinarily there is no judicial review of the denial of a request to reopen a claim, except: (1) when the Commissioner's decision constitutes a de facto reopening of the earlier filed claim; and (2) when the claimant has a colorable constitutional claim based on the denial of benefits in the prior case.").

In order to determine if this Court has jurisdiction, the Court must examine Plaintiff's claim that there was a *de facto* or constructive reopening of the 1997 claim by the Commissioner and Plaintiff's allegation that her constitutional due process rights were violated by the Commissioner's refusal to reopen the 1997 claim.

### *DE FACTO* REOPENING

Plaintiff's complaint alleges that the Commissioner's "reappraisal of the medical evidence in connection with Plaintiff's second 1999 claim constituted a discretionary *de facto* reopening of her 1997 claim," thereby allowing judicial review. *(Complaint at 2.)* An Administrative Law Judge's (hereinafter "ALJ") decision may constitute a *de facto* reopening if the ALJ reviews the case on its merits and considers additional evidence in support of the claim. *Taylor*, 738 F.2d at 1115.

In this case, there was no *de facto* reopening of the 1997 claim. A review of the record before the Court indicates that the Commissioner did not reopen or reconsider the 1997 application "on the

merits," nor did she consider any additional evidence pertaining to that claim at any stage of the proceedings for the 1999 claim. The 1997 application and the 1999 application were based on different claims of disability. Plaintiff's 1997 application for disability was based on a primary diagnosis of "Liver, Moderate Fatty Infiltration with Focal Steatohepatitis" and a secondary diagnosis of "Dysthymic disorder." *(Motion to Dismiss, Exhibit A-1)*. Plaintiff's 1999 application was based on a new disability (cerebral aneurysm and craniotomy) with an onset date of February 12, 1999. *(Motion to Dismiss, Exhibit A-4 at the fifth page).* Although the initial decision (denial) of the 1999 claim indicates that Plaintiff's prior medical records (consultative psychiatric exams) were used in deciding the claim *(Motion to Dismiss, Exhibit A-2)*, there is no mention of these records in the decision and no indication that the Commissioner considered the merits of the 1997 claim. *(Motion to Dismiss, Exhibit A-4 at the fifth through eighth pages).* The Court finds that the Commissioner did not constructively or *de facto* reopen Plaintiff's 1997 claim.

### **CONSTITUTIONAL DUE PROCESS CLAIM**

As noted above, even when a claim is not reopened, it is still subject to judicial review if the claimant presents a colorable constitutional claim. *Nelson v. Sec'y of Health & Human Services*, 927 F.2d 1109, 1111 (10th Cir. 1990) (citing *Torres v. Sec'y of Health & Human Services*, 845 F.2d 1136, 1138 (1st Cir. 1988)). In *Califano v. Sanders*, the Supreme Court stated that there are "rare instances where the [Commissioner's] denial of a petition to reopen is challenged on constitutional grounds" and "the availability of judicial review is presumed." *Califano v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980 (1977). In *Califano*, the Supreme Court found that the claimant's challenge to the denial of his petition to reopen a disallowance of his claim was not based on constitutional grounds, noting that "Respondent seeks only an additional opportunity to establish that he satisfies the Social

Security Act's eligibility standards for disability benefits. Therefore, s 205(g) [42 U.S.C. § 405(g)] does not afford subject-matter jurisdiction in this case." *Id.*

Plaintiff claims she did not appeal the 1997 decision "due to her *pro se* status and mental illness, which made it impossible for her to exercise her right to appeal." *(Complaint at 1.)* On December 14, 1999, Plaintiff's attorney requested a reopening of the 1997 application based on good cause. In an attached declaration, Plaintiff claimed that she had not appealed the decision because she was not represented by an attorney, had problems with anxiety and depression, and when "anxious and depressed I shot [sic] down and am not able to act in my own best interest." *(Response, Exhibit B at the second page.)*

> Social Security regulations set the conditions for reopening a decision as follows:
>
> A determination, revised determination, decision or revised decision may be reopened --
>
> (a) Within 12 months of the date of the notice of the initial determination, for any reason;
>
> (b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case; or
>
> (c) At any time if it was obtained by fraud or similar fault. In determining whether a determination or decision was obtained by fraud or similar fault, we will take into account any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have had at the time.
>
> 20 C.F.R. § 416.1488.

Plaintiff's 1997 application for SSI benefits was initially denied on November 7, 1997 and Plaintiff failed to appeal and missed the 12-month deadline established by § 416.1488(a). *(Complaint at 1.)* On December 14, 1999, over two years after the initial determination, Plaintiff's attorney

requested the reopening of the 1997 application for good cause[3] *(Response, Exhibit B.),* thereby missing the deadline pursuant to § 416.1488(b). Plaintiff now claims a due process violation pursuant to § 416.1488(c) because the Commissioner failed to consider Plaintiff's mental incapacity, limited education and lack of legal representation in denying her request to reopen.

Plaintiff claims a right to reopen the 1997 claim based on her mental illness, poor education and lack of legal representation at the time of the initial decision and cites Social Security Ruling 91-5p (hereinafter "SSR 91-5p") as authority therefore. *(Response at 2-7.)* SSR 91-5p outlines the administration policy on establishing good cause for missing a deadline to request review. In pertinent part, it states:

> When a claimant **presents evidence that mental incapacity prevented him or her from timely requesting review** of an adverse determination, decision, dismissal, or review by a Federal district court, **and the claimant had no one legally responsible for prosecuting the claim** (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative) at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review. If the claimant satisfies the substantive criteria, **the time limits in the reopening regulations do not apply; so that, regardless of how much time has passed since the prior administrative action, the claimant can establish good cause for extending the deadline to request review of that action.**

The claimant will have established mental incapacity for the purpose of establishing

---

[3] In determining whether a claimant has shown good cause for missing a deadline to request a review, the Commissioner considers, pursuant to C.F.R. § 416.1411, the following:

(1) What circumstances kept you from making the request on time;

(2) Whether our action misled you;

(3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, or other legislation, or court decisions, and

(4) Whether you had any physical, mental, educational, or linguistic limitations . . . which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

> good cause when the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review.
>
> In determining whether a claimant lacked the mental capacity to understand the procedures for requesting review, the adjudicator must consider the following factors as they existed at the time of the prior administrative action:
>   - - inability to read or write;
>   - - lack of facility with the English language;
>   - - **limited education**;
>   - - **any mental or physical condition which limits the claimant's ability to do things for him/herself.**

SSR 91-5p, 1991 WL 208067 (S.S.A.) at *2 (emphasis added).

Plaintiff argues that she had a mental illness that "made it impossible for her to exercise her right to appeal the decision of the Commissioner." *(Complaint at 1.)* Plaintiff supports her claim of mental illness with copies of two consultative psychiatric evaluations conducted on May 22, 1996 and October 21, 1997. *(Response, Exhibits C and D.)* Both psychiatric evaluations concluded that Plaintiff suffered from "Dysthymic disorder and panic disorder, without agoraphobia, in remission," with a fair prognosis. *(Id. at 3rd page and 4th page, respectively.)* Plaintiff had no legal representation at the time of the denial of her 1997 claim and argues that "having only a tenth grade education" also limited her ability to request a review of the 1997 denial. *(Response at 2.)*

There is no indication in the documents presented to the Court that the Commissioner, prior to denying Plaintiff's request to reopen the 1997 claim, considered Plaintiff's alleged mental disability as required by § 416.1488(c) and § 416.1411(4); or her claims of mental disability, poor education and lack of representation as required by SSR 91-5p. Plaintiff's counsel requested that the 1997 claim be reopened on three different dates. On December 14, 1999, Plaintiff's counsel requested the 1997 claim be reopened for good cause and specifically stated Plaintiff was unrepresented, did not know how to pursue the case and that she "suffer[ed] from anxiety and depression," *(Motion to*

9

*Dismiss, Exhibit A-3)* thereby alerting the Commissioner to Plaintiff's mental disability claim. There is no indication in the record that the Commissioner responded to that request. (*See id. at Exhibit A-5*). Plaintiff's counsel made a second request that the 1997 claim be reopened for good cause on December 29, 2000. *Id.* After almost four years (from the second request on December 29, 2000 to the decision on December 15, 2004), the Commissioner denied Plaintiff's request stating there was "no reason under our rules to reopen and change the [1997] determination." *Id. at Exhibit A-6.* On January 7, 2005, Plaintiff's counsel again requested the 1997 claim be reopened due to an alleged *de facto* reopening during reconsideration of Plaintiff's 1999 claim. *Id. at Exhibit A-7.* The Commissioner denied this request on May 18, 2005 stating that Plaintiff had failed to request a reopening within the prescribed time limit and finding, after consideration, that there had been no *de facto* reopening of the 1997 determination. *Id. at Exhibit A-8.*

It is clear from the foregoing, that the Commissioner failed to follow proper procedure prior to denying Plaintiff's request to reopen her 1997 claim because the Commissioner failed to consider whether Plaintiff's failure to appeal the denial of her 1997 claim was the result of "'fault' (i.e., mental incapacity) under § 416.1488(c)." *Graham v. Barnhart,* 278 F. Supp. 2d 1251, 1261 (D. Kansas, 2003) ("an ALJ must inquire whether the applications were denied as the result of 'fault' (i.e., mental incapacity) under § 416.1488(c), and inquire whether the claimant had any mental or physical conditions that limited her 'ability to do things for [her]self,' in accordance with SSR 91-5p, 1991 WL 208067, at *2."). It is the policy of the Commissioner to "take into account any physical, mental, educational, or linguistic limitations" in determining whether a claim may be reopened, but in the instant case, the Commissioner failed to do so. 20 C.F.R. § 416.1488(c); *London v. Apfel*, 202 F.3d 282, *1, n. 4 (10th Cir. 1999) (unpublished) ("In 1994, subsection(c) was amended to 'make it clear'

10

that the Secretary follows a general policy of 'taking into account any physical, mental, educational, or linguistic limitations of an individual (including any lack of facility with the English language)' in determining whether an application may be reopened.  59 Fed.Reg. 1629, 1630 (1994).").

Plaintiff 's request to reopen her 1997 claim is not time barred because under § 416.1488(c), a determination or decision may be reopened "[a]t any time" if it was the result of "'fault' (i.e., mental incapacity)."  *See Graham*, 278 F. Supp at 1261.  And SSR 91-5p states that if "the claimant satisfies the substantive criteria, the **time limits in the reopening regulations do not apply**; so that, **regardless of how much time has passed** since the prior administrative action, the claimant can establish good cause for extending the deadline to request review of that action."  SSR 91-5p, 1991 WL 208067 at *2 (emphasis added).

Based on the foregoing, the Court finds that it does have jurisdiction to consider the Commissioner's refusal to reopen Plaintiff's 1997 claim because Plaintiff presents sufficient evidence of a colorable constitutional claim, *i.e.*, a violation of her due process rights.  The Commissioner failed to review, under SSR 91-5p and § 416.1488(c), whether Plaintiff had shown good cause (mental disability) for missing a deadline prior to denying her request to reopen the 1997 claim, despite Plaintiff's raising the issue in her requests to reopen.  Because issues of fact exist as to whether Plaintiff's mental capacity at the time of the 1997 denial prevented her from comprehending or acting upon the administrative notice of denial and because the Commissioner did not follow administrative regulations in reviewing Plaintiff's mental capacity prior to denying the request to reopen, the Court will deny Defendant's motion to dismiss and will remand the case to the Social Security Administration for fact-finding on the question of Plaintiff's mental capacity at the time of the denial of her 1997 application for benefits, including a hearing, if necessary.  The Court expresses

no opinion on the merits of Plaintiff's claim of a mental disability that limited her ability to comprehend or act upon the administrative notice of denial.

**WHEREFORE IT IS HEREBY ORDERED** that *Defendant's Motion and Memorandum in Support of Motion to Dismiss Plaintiff's Complaint (Doc. 6)* is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's case is **REMANDED** to the Social Security Administration for fact-finding on the question of Plaintiff's mental capacity at the time of the denial of her 1997 application for benefits, including a hearing, if necessary.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**